IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTIN BROWN, | : | CIVIL ACTION NO. **3:CV-07-2267** |
| Petitioner | : | (Judge Munley) |
| v. | : | (Magistrate Judge Blewitt) |
| WARDEN T. R. SNIEZEK, | : | |
| Respondent | : | |

## **REPORT AND RECOMMENDATION**

The Petitioner, Quintin Brown, an inmate at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill"), Minersville, Pennsylvania, filed, *pro se*, this Petition for Writ of Habeas Corpus on December 14, 2007, pursuant to 28 U.S.C. § 2241. Petitioner names as Respondent the Warden at FCI-Schuylkill. (Doc. 1). We note that Petitioner has named the proper Respondent, *i.e.* Warden at FCI-Schuylkill. *See* 28 U.S.C. §§ 2242 and 2243. Petitioner also filed a typed 7-page Memorandum in support of his Petition for Writ of Habeas Corpus, and has attached four Exhibits (A-D) to his Memorandum. (Doc. 4). Petitioner filed an *in forma pauperis* Motion in lieu of the required filing fee. (Doc. 2). We granted Petitioner's *in forma pauperis* Motion, ordered service of Petitioner's Habeas Petition and Memorandum on Respondent, and directed Respondent to file his response to it. (Doc. 5).

On January 9, 2008, Respondent submitted his Response to the Petition for Writ of Habeas Corpus and Exhibits in support thereof (Ex. 1 and Atts. 1-A - 1-L). (Doc. 8). Petitioner filed a Traverse on January 22, 2008. (Doc. 9). The Petition is presently ripe for disposition.[1]

**I. Background.**

Petitioner claims that the federal Bureau of Prisons ("BOP") has incorrectly calculated his federal sentence since it did not afford him credit toward his federal sentence with about twenty (20) months, *i.e.* for the period of time from August 18, 2002 to April 22, 2004, for the time he spent in the primary custody of the State of Maryland ("MD") serving his MD State parole revocation sentence. At the time of filing his habeas petition, Petitioner was serving his 100-month federal sentence imposed on June 7, 2005, by the United States District Court for the District of MD. (Doc. 8, Ex. 1, ¶ 4. And Att. 1-A). Petitioner was also sentenced to four years of supervised release by the stated MD District Court. Petitioner plead guilty in the United States District Court for the District of MD to one count of possession of a handgun in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1). (*Id*. and Doc. 4, p. 2). Petitioner is currently serving his term of confinement with respect to his District of MD sentence. (*Id*.). Petitioner's present projected good conduct time release date is August 25, 2012. (*Id*.).

---

[1]The undersigned has been assigned this case for issuance of Report and Recommendation pursuant to 28 USC § 636(b)(1).

Petitioner states that he exhausted his BOP administrative remedies with respect to his habeas claim, and Respondent concedes exhaustion. (Doc. 4, p. and Doc. 8, p. 1, n. 1).

Since the factual background with respect to Petitioner's sentencing computation are stated in Pauley's Declaration submitted by Respondent, and are supported by the attachments thereto, we recite the facts as she avers them. Pauley avers as follows:

> On December 2, 1996, Brown was sentenced to a term of twelve (120 years imprisonment in the state of Maryland.
>
> On March 3, 2000, the state of Maryland released Brown on parole.
>
> On April 4, 2002, Brown was indicted by federal authorities for his actions on December 17, 2001.
>
> On July 22, 2002, Baltimore City police officers attempted to serve open warrants at Brown's home address. Once again, Brown attempted to elude authorities by driving away in an automobile. During the pursuit, Brown ran from the vehicle and was later apprehended hiding in the back of a pick up truck. A search of Brown's vehicle revealed thirty four (34) ziplock bags of heroin; a digital scale with cocaine residue; a Guardian .32 caliber revolver; and several rounds of ammunition. At this time, Maryland assumed primary jurisdiction of Brown.
>
> At the time of his arrest [July 22, 2002], Brown was still under parole supervision with the State of Maryland following his release on parole on March 3, 2000, from a 12-year term imposed on December 2, 1996. Brown's parole supervision was revoked, and he was returned to the custody of the Maryland Division of Correction.
>
> On August 19, 2002, Maryland revoked Brown's parole.
>
> Brown received credit toward the Maryland parole revocation term for the period of August 19, 2002, through January 12, 2007, the period of time he was obligated to serve in a local detention center.

3

(Doc. 8, Ex. 1, ¶'s 5., 6., 9., 11. 12., and 13.).  (See also Doc. 8, Ex. 1, Atts. 1-B - 1-C).

On August 26, 2002, while Petitioner was serving his parole violation term, MD charged Petitioner with eight offenses stemming from his July 22, 2002 arrest, Case # 102238001 in the Circuit Court for Baltimore City. (Doc. 8, Ex. 1, Att. 1-E).  On October 11, 2002, Petitioner was released by MD to the custody of federal officials pursuant to a writ of habeas corpus *ad prosequendum*.  Petitioner was returned to MD custody on October 11, 2002.  (Doc. 8, Ex. 1, Att. 1-F).

On March 15, 2004, the eight offenses stemming from Petitioner's July 22, 2002 arrest, filed in Case # 102238001 in the Circuit Court for Baltimore City, were *nolle prossed* and this criminal case was closed.  (Doc. 8, Ex. 1, Att. 1-E).

On March 11, 2004, Petitioner was charged with several federal violations , *i.e.* nine counts, in a superseding indictment, including the charge of possession of a handgun in furtherance of a drug trafficking crime, 18 U.S.C. §924(c)(1), which was related to his July 22, 2002 arrest. (Doc. 8, Ex. 1, ¶ 18.).  On January 14, 2005, Petitioner was released by MD to the custody of federal officials pursuant to a writ of habeas corpus *ad prosequendum*.  Petitioner was returned to MD custody the same day.  (Doc. 8, Ex. 1, Att. 1-F).

On June 7, 2005, Petitioner was released by MD to the custody of federal officials pursuant to a writ of habeas corpus *ad prosequendum*.  Petitioner was returned to MD custody the same day. (Doc. 8, Ex. 1, Att. 1-F).

On June 7, 2005, Petitioner was sentenced in the United States District Court for the District of MD to a 100-month prison sentence after he plead guilty to the charge of possession of a

handgun in furtherance of a drug trafficking crime, 18 U.S.C. §924(c)(1). The other charges in the federal superseding indictment were dismissed. (Doc. 8, Ex. 1, Att. 1-G and Doc. 4, p. 3). Petitioner's federal sentence was ordered to run concurrent to his MD sentence which he was serving for violating his parole. Petitioner was returned to the custody of MD for completion of service of his parole violation sentence. (Doc. 8, Ex. 1, Atts. 1-F and 1-G).

On January 12, 2007, Petitioner was released from MD custody to the custody of federal officials for the service of his June 7, 2005 federal sentence of 100-month prison term. (Doc. 8, Ex. 1, Atts. 1-D and 1-F).

Thus, Petitioner's MD parole was revoked on August 19, 2002, he was then in custody of MD, and he was relesaed from custody by MD on January 12, 2007. (Doc. 8, Ex. 1, Att. 1-C). According to the MD DOC, credits for Petitioner's MD parole revocation sentence were afforded to him by MD "for the period beginning August 19, 2002 through January 11, 2007. This period corresponds with the period of time the inmate [Petitioner] is obligated to serve in a local detention center." (Doc. 8, Ex. 1, Att. 1-D).

## II. Discussion.

As mentioned, Petitioner seeks about a 20-month jail credit for the time he spent serving his MD state parole revocation sentence toward his current 100-month federal sentence. Respondent advances one argument, namely, that the Petition should be dismissed since the Petitioner's federal sentence was computed properly by the BOP. As indicated, Respondent concedes (Doc. 8, p. 1, n. 1) that Petitioner has fully exhausted his BOP administrative remedies with respect to the claim presented in his instant Petition regarding his challenge to the BOP's computation of his federal

5

sentence. *See Moscato v. Federal Bureau of Prisons*, 98 F.3d 757 (3d Cir. 1996) (It is well-settled that before a prisoner can bring a habeas petition under 28 U.S.C. § 2241, administrative remedies must be exhausted).[2] If a prisoner does not exhaust available remedies, the petition should be dismissed. *Arias v. United States Parole Commission*, 648 F.2d 196, 199 (3d Cir. 1981); *Mayberry v. Pettiford*, 2003 WL 21635306 (5th Cir.); *Lindsay v. Williamson*, Civil No. 07-808, M.D. Pa., (7-26-07 Memo, J. Caldwell), slip op. p. 4; *Sherman v. Lindsay*, 2007 WL 3119380 (M.D. Pa.); *Hawk v. Sherman*, 2008 WL 360897, * 6 (W.D. Pa.).

Further, we find that inasmuch as Petitioner is challenging the BOP's computation of his sentence and is not seeking modification of his sentence imposed by the District Court, he can proceed in a § 2241 habeas petition as opposed to a 28 U.S.C. §2255 motion to modify sentence. *See Chambers v. Holland*, 920 F. Supp. 618, 620 (M.D. Pa. 1996), *aff'd.* 100 F. 3d 946 (3d Cir. 1996) (Table); *Hawk v. Sherman*, 2008 WL 360897, * 6 (W.D. Pa.).

While Petitioner has exhausted his BOP administrative remedies, we find no merit to his present habeas claim. Petitioner (Doc. 9, p. 4) requests this Court to direct the BOP to afford him credit toward his federal sentence for about a 20-month period he was in MD State custody serving a MD parole revocation sentence, namely, from August 19, 2002, date of commencement of Petitioner's MD parole revocation sentence, through April 22, 2004, the date Petitioner's MD parole revocation hearing was conducted. As noted above, Petitioner contends that he was not given credit for this period of time by the MD DOC toward his parole revocation sentence. Thus, Petitioner

---

[2]The exhibit attached to Petitioner's Memorandum in support of his Petition, Doc. 4, App. A, demonstrates that Petitioner exhausted his administrative remedies regarding his instant improper calculation of sentence habeas claim.

seeks this Court to order the BOP to given him credit for this 20-month period toward his current 100-month federal sentence with respect to his § 924(c)(1) conviction.

Petitioner seeks a credit for these 20 months he spent in state custody. However, as Respondent states (Doc. 8, pp. 10-11), while Petitioner was in state custody, MD retained primary custody over him, and the federal government did not have primary jurisdiction over him. *See Chambers v. Holland,* 920 F. Supp. 618, 622 (M.D. Pa. 1996).[3] Petitioner was released from his

---

[3]This Court in *Chambers* stated as follows:

> The sovereign which first arrests a defendant has primary jurisdiction over him. *Shumate v. United States*, 893 F.Supp. 137 (N.D.N.Y. 1995), citing *Ponzi v. Fessenden*, 258 U.S. 254, 260-61, 42 S.Ct. 309, 310-311, 66 L.Ed. 607 (1922) and *In re Liperatore,* 574 F.2d 78 (2d Cir. 1978). See also: *Thomas v. Brewer*, 923 F.2d 1361, 1365-67 (9th Cir. 1991).
>
> . . . . .
>
> Primary jurisdiction remains vested in the state which first arrested the defendant until that jurisdiction relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence. *United States v. Warren,* 610 F.2d 680, 684-85 (9th Cir. 1980). See also: *Roche v. Sizer*, 675 F.2d 507, 510 (2d Cir. 1982) (holding that federal court relinquished jurisdiction by releasing prisoner on bail). Primary jurisdiction over a state prisoner ends and federal custody over him commences only when the state authorities relinquish him on satisfaction or extinguishment of the state obligation. *Smith,* 812 F.Supp. at 370, citing *Thomas v. Whalen*, 962 F.2d 358, 361 n. 3 (4th Cir. 1992).
>
> Producing a state prisoner under writ of habeas corpus ad prosequendum to answer federal charges does not relinquish state custody. *Thomas v. Brewer*, 923 F.2d at 1366-67. See also: *Salley v. United States*, 786 F.2d 546, 547-48 (2d Cir. 1986) (defendant produced and sentenced in federal court via writ of habeas corpus ad prosequendum did not begin

MD State parole revocation sentence into federal custody on January 12, 2007. As Pauley avers, "[Petitioner] Brown received credit toward the Maryland parole revocation term for the period of August 19, 2002, through January 12, 2007, the period he was obligated to serve in a local detention center." (Doc. 8, Ex. 1, ¶ 14. and Att. 1-D). Petitioner did not come into federal custody until January 12, 2007, when he undisputedly was released from his MD state parole revocation sentence and turned over to federal custody to begin serving his federal sentence. (Doc. 8, Exhibit 1, ¶ 27. and Atts. 1-F, 1-H, 1-J). As Respondent's evidence shows, in compliance with Petitioner's federal sentence, the BOP determined that Petitioner began to serve his federal sentence on June 7, 2005, the date of its imposition. (*Id*. Ex. 1, ¶ 23. and Atts. 1-H and 1-J). As Respondent recognizes (Doc. 8, p. 9), it is well-settled that "[a] federal sentence cannot commence earlier than the date on which it was imposed." *Hawk v. Sherman*, 2008 WL 360897, * 3 (W.D. Pa.). Further, as the Hawk Court stated:

> Primary custody remains vested in the sovereign that first arrests the individual until it relinquishes its priority by, e.g., bail release, dismissal of the state charges, parole release, or expiration of the sentence.' *Chambers,* 920 F.Supp. at 622 (citations omitted). The determination of priority of custody between a state and the federal government is to be resolved by the executive branches of the two sovereigns. *United States v. Warren,* 610 F.2d 680, 684-85 (9th Cir.1980) (citing *Ponzi,* 258 U.S. at 261-62)." *Id.*

Petitioner claims that MD did not credit him with the period from August 18, 2002 through April 22, 2004 toward service of his parole revocation sentence. (Doc. 4, p. 5). Petitioner

---

to serve consecutive federal sentence until delivered into federal custody).

920 F. Supp. at 622.

summarizes his argument as follows:

> Petitioner was arrested for the instant case on 7/22/02. Petitioner was housed at the Maryland City Jail pending transfer to the MDC for the purpose of attending the parole revocation hearing. The transfer was effectuated in march of 2004. The revocation hearing was conducted on 3/22/04. Scrutinization of the documentation from the revocation proceedings (Appendix "B") conclusively demonstrates that the hearing officer <u>did not</u> credit any time of incarceration (towards the original 12 year sentence) prior to the revocation hearing other than the period in which Petitioner spent on parole from 3/3/00 - 1/15/02.
>
> In addition to the documentation of Appendix "B", there exist (sic) at least one other objective factor which dictates that the MDC did not credit the period of 8/18/02 - 4/22/04 against Petitioner's total term of imprisonment for the parole revocation. Recall that the State of Maryland originally sentenced Petitioner to a (12) year term of imprisonment on 1/31/96 (See Appendix "B" @ p.2 "Total Sentence Length"). Petitioner's maximum release date prior to the revocation proceedings was calculated as 1/31/08. However, as a result of the revocation, Petitioner's Maryland Mandatory was re-calculated as 4/3/10 [See Appendix "D"]. The newly re-calculated mandatory date reflects the addition of the (27) months, 1/16/02 - 4/22/04, for which Petitioner was not given credit against the (12) year Maryland sentence by the MDC. Assuming, <u>arguendo</u>, that the MDC credited Petitioner with the (270 month period of 1/16/02 - 4/22/04 against the original (12) year sentence, it would appear unreasonable for the MDC to in turn double count by adding this term (of credited prison time) to Petitioner's previous mandatory date of 1/31/08. The more plausible interpretation suggests that the (27) months was added to Petitioner's prior mandatory date of 1/31/08 which resulted in the newly calculated date of 4/3/10.

(Doc. 4, pp. 5-6).[4]

---

[4] Appendices B and D Petitioner refers to were attached to his Memorandum, Doc. 4.

Petitioner acknowledges that the BOP informed him that the MD DOC credited him the period of time from August 18, 2002 through April 22, 2004 toward service of his MD parole revocation sentence, but he claims that the BOP did not offer any documents to support this contention. (Doc. 4, p. 6). We find that the Respondent has now supplied evidentiary support for the BOP's stated contention. The MD DOC, on February 6, 2007, advised the BOP, with respect to Petitioner's credits given to him by MD, as follows:

> Our records indicated that, under the provisions of Article 27 Section 700, ACM credits were recorded for the period beginning August 19, 2002 through January 11, 2007. This period corresponds with the period of time the inmate is obligated to serve in a local detention center.

(Doc. 8, Ex. 1, Att. 1-D).

We do not find that Petitioner's evidence, Appendices B and D to Doc. 4, controverts the stated evidence of Respondent, *i.e.* Doc. 8, Ex. 1, Att. 1-D. Petitioner's Appendix B deals with the period from March 3, 2000 through January 15, 2002, for which he was allowed credit by the MD Parole Commission. Petitioner's Appendix B does not show that MD DOC failed to give him credit toward his parole revocation hearing sentence for the period of time at issue, namely from August 18, 2002 through April 22, 2004. However, as Respondent recognizes (Doc. 8, p. 4), his evidence undisputedly shows that Petitioner did receive credit by MD DOC for the entire period from August 19, 2002 through January 11, 2007. (Doc. 8, Ex. 1, Att. 1-D). We do not find that Petitioner has offered any evidence to controvert Respondent's stated evidence, Doc. 8, Ex. 1, Att. 1-D. We disagree with Petitioner (Doc. 9, p. 3) that Respondent's reliance on Respondent's stated evidence, Doc. 8, Ex. 1, Att. 1-D, is misplaced.

Respondent's evidence also shows that the BOP afforded Petitioner prior custody credit toward service of his current federal sentence with the time period of July 22, 2002, the day Petitioner was arrested which lead to his indictment on the § 924 (c) (1) offense, through August 18, 2002, the day before Petitioner started to serve his MD parole revocation sentence, since MD advised the BOP that Petitioner did not receive credit for this time toward his state parole violation sentence. (Doc. 8, Ex. 1, ¶ 24. and Att. 1-J, p. 5). There is no dispute that Petitioner's MD parole revocation sentence commenced on August 19, 2002. (Doc. 9, p. 2). Petitioner points out that his MD parole revocation hearing was not conducted until April 22, 2004. (*Id*., p. 2). Simply because Petitioner's MD parole revocation hearing was not conducted until April 22, 2004, Doc. 4, App. B, does not show that Petitioner was not given credit by MD DOC toward service of his MD parole revocation sentence for the period of time from August 19, 2002, the date when Petitioner's MD parole revocation sentence began, through April 22, 2004, the date of Petitioner's MD parole revocation hearing.

Petitioner contends that the MD Parole Hearing Commissioner stated that the period of time to be credited toward Petitioner's parole revocation term, excluded the period of August 18, 2002 through April 22, 2004. (Doc. 9, p. 3). We do not find that Petitioner's Appendix B, Doc. 4, supports his assertion.

In our case, Respondent correctly states (Doc. 8, p. 11) that the BOP did not give Petitioner credit under 18 U.S.C. § 3585(b), which is within the BOP's exclusive authority, toward his federal sentence for the disputed period of August 19, 2002 through April 22, 2004, because Petitioner "Received credit toward the Maryland parole revocation term for the period of August 19, 2002,

11

through January 12, 2007, the period of time [Petitioner] was obligated to serve in a local detention center." (Doc. 8, Ex. 1, ¶ 14. and Att. 1-D). Thus, as Respondent states (Doc. 8, p. 11), since Petitioner was credited toward his MD state parole revocation sentence for the stated time period of August 19, 2002 through January 12, 2007, which includes the disputed period of August 19, 2002 through April 22, 2004, he cannot be given credit toward his federal sentence for any of this time period. *See Hawk v. Sherman*, 2008 WL 360897, * 4 -*5 (W.D. Pa.). Here, Petitioner Brown is seeking credit for the time he spent serving his MD state parole revocation sentence to be applied toward his federal sentence. This type of credit, prior custody credit, is within the purview of the BOP. Petitioner, as discussed, is not entitled to credit toward his current 100-month federal sentence for the time he was credited for serving his MD State parole revocation sentence since he already received credit for this time by MD with respect to his state sentence. (*Id*.).

We find that the BOP's December 27, 2007 computation of Petitioner's federal sentence properly calculated the amount of prior custody credit to which Petitioner Brown is entitled under § 3585(b). (Doc. 8, Ex. 1, Att. 1-J). The February 6, 2007 letter from the MD DOC to the BOP constitutes undisputed evidence that Petitioner received credit toward his MD parole revocation sentence he served in a local detention center "for the period beginning August 19, 2002, through January 11, 2007." (Doc. 8, Ex. 1, Att. 1-D). As the *Hawk* Court stated, "Under the express terms of 18 U.S.C. § 585(b), the BOP may not grant prior custody credit for time served in official sentence. *See also Vega v. United States,* 493 F.3d 310, 314 (3d Cir.2007) (the BOP did not err when it disallowed prior custody credit under 18 U.S.C. § 3585(b) because the time at issue had been credited against the petitioner's state parole violation); *Rios v. Wiley,* 201 F.3d 257, 272 (3d Cir.2001)."

*Hawk v. Sherman*, 2008 WL 360897, * 7.

Since we have found that the prior custody credit which Petitioner seeks in this case (*i.e.* about 20 months) is within the BOP's authority pursuant to § 3585(b),[5] since Petitioner received credit for this time period toward his MD parole revocation sentence, and since we find that the BOP has correctly calculated his federal sentence, we shall recommend that the Petition be denied.

---

[5] 18 U.S.C. § 3585 provides:
    (a) Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

    (b) Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --

    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

**III. Recommendation**.

Based on the foregoing, it is respectfully recommended that the Petition for Writ of Habeas Corpus (Doc. 1) be denied on its merits.

                                          **s/ Thomas M.  Blewitt**
                                          **THOMAS M. BLEWITT**
                                          **United States Magistrate Judge**

**Dated: April 17, 2008**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTIN BROWN, | : | CIVIL ACTION NO. **3:CV-07-2267** |
| | : | |
| Petitioner | : | (Judge Munley) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN T. R. SNIEZEK, | : | |
| | : | |
| | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **April 17, 2008.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                s/ Thomas M. Blewitt
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: April 17, 2008**