IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

QUINTIN BROWN,
        Petitioner

v.

WARDEN T.R. SNIEZEK,
        Respondent

No. 3:07cv2267

(Judge Munley)

## MEMORANDUM

    Before the court for disposition is Magistrate Judge Thomas M. Blewitt's report and recommendation that proposes the denial of Quintin Brown's ("petitioner") petition for a writ of habeas corpus. Petitioner has filed objections to the report and recommendation, and the matter is ripe for disposition.

**Background**

    Petitioner is a federal prisoner confined at the Schuylkill Federal Correctional Institution ("FCI-Schuylkill"). (Doc. 1, page 1).

    Previous to his federal incarceration on December 2, 1996, petitioner was sentenced to a term of twelve (12) years imprisonment in the state of Maryland. (Doc. 8-2, Declaration of Cheryl A. Pauley, of the United States Department of Justice, Federal Bureau of Prisons (hereinafter Pauley Decl." at ¶ 5). . Maryland released petitioner on parole on March 3, 2000. (Id. at ¶ 6). On July 22, 2002, while he was still under parole supervision, petitioner was arrested again. (Id. at ¶ 12). As a result, his parole was revoked and he was returned to the custody of the Maryland Division of Correction. (Id.).

    On March 11, 2004, the federal government charged petitioner with several crimes relating to the July 22, 2002 arrest. (Id. at ¶ 18). The United States District Court for the District of Maryland convicted him, and he was

sentenced to one hundred months of incarceration to be served concurrent with his Maryland violation of parole incarceration. (Id. at 21). Petitioner was released from Maryland custody on January 12, 2007 and turned over to federal custody. (Id. at 27). Petitioner's projected release date via good conduct time is August 25, 2012. (Id. at 4).

Petitioner asserts that his release date is inaccurately calculated because he is entitled to a prior custody credit for the time he spent in Maryland state court custody between August 18, 2002 and April 22, 2004 - - nearly twenty (20) months. He argues that Maryland did not credit this time spent in prison toward his parole revocation sentence, therefore, it should be credited toward the instant federal sentence. The government argues that they cannot credit the petitioner for this term of custody because it was applied to another sentence, his Maryland state parole violator sentence.

Magistrate Judge Blewitt recommends denying the petition on the merits. Petitioner has filed objections once again arguing that he deserves the credit from August 18, 2002 through April 22, 2004.

**Jurisdiction**

We have jurisdiction over the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. See Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (explaining that a federal prisoner may challenge the execution of his sentence in a § 2241 petition).

**Standard of review**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636

(b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987).  This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

**Discussion**

The petitioner's argument is that he deserves a twenty-month jail credit for August 18, 2002 through April 22, 2004.  After a careful review, we disagree.

The Attorney General of the United States is charged with computing federal sentences. See United States v. Wilson, 503 U.S. 329, 334-35 (1992) (indicating that the Attorney General must determine the amount defendant's jail-time credit); 18 U.S.C. § 3585.  The Attorney General in turn has delegated this authority to the Director of the Bureau of Prisons. 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform any of the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons . . . charged with or convicted of offenses against the United States[.]).

At issue here is prior custody credit, which is governed by 18 U.S.C. § 3585(b), which provides:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the

>   defendant was arrested after the commission of the offense for which the sentence was imposed;
>
>   **that has not been credited against another sentence.**

18 U.S.C. § 3585(b) (emphasis added).

As noted above, petitioner asserts that he deserves to receive credit toward his sentence for the time he spent in custody between August 18, 2002 and April 22, 2004. If this time has been credited against another sentence it cannot be credited to petitioner's federal sentence. 18 U.S.C. § 3585(b). The record reveals that this time was credited toward his Maryland parole revocation sentence. (See Doc. 8-2, Declaration of Cheryl A. Pauley of the Department of Justice, Federal Bureau of Prisons, ¶ 14 "Brown received credit toward the Maryland parole revocation term for the period of August 19, 2002, through January 12, 2007[.]"); (Doc. 8-2, Attachment D, to Pauley Affidavit, Correspondence from the Maryland Department of Public Safety and Correctional Services indicating that petitioner was credited for time incarcerated from August 19, 2002 through January 11, 2007). As this time has been credited against another sentence, it cannot be applied to his federal sentence.[1]

Accordingly, there is no merit to the instant petition for a writ of habeas corpus and it will be denied. An appropriate order follows.

---

[1] There is a one-day discrepancy from the date petitioner seeks credit for August 18, 2002, and the date that Maryland started crediting his sentence to his state term, August 19, 2002. The United States credited the defendant for prior custody from July 22, 2002 through August 18, 2002. (Doc. 8-2, Pauley Declaration ¶ 24; and Attachment J, Sentence Monitoring Computation Data at 5). Therefore, petitioner has already received credit to his federal sentence for this day.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **QUINTIN BROWN,** : <br>          **Petitioner** : <br> : <br>    **v.** : <br> : <br> **WARDEN T.R. SNIEZEK,** : <br>          **Respondent** : | **No. 3:07cv2267** <br><br> **(Judge Munley)** |

## **ORDER**

**AND NOW**, to wit, this 10th day of October 2008, it is hereby **ORDERED** as follows:

1) Magistrate Judge Blewitt's report and recommendation of April 17, 2008 is (Doc. 10) is hereby **ADOPTED**;

2) The petitioner's objections (Doc. 11) are **OVERRULED**;

3) Quintin Brown's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is hereby **DENIED**;

4) The Clerk of Court is directed to close this case; and

5) We decline to issue a certificate of appealability. A certificate of appealability may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Based upon the reasoning in the accompanying memorandum, we find that petitioner has not shown the denial of a constitutional right. See 28 U.S.C. § 2253(c) and 3d Cir. LAR. 22.

                                        **BY THE COURT:**

                                        **s/ James M. Munley**
                                        **JUDGE JAMES M. MUNLEY**
                                        **United States District Court**